```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                                          :
   ALOIS IGHAULT,                                         :    MEMORANDUM DECISION AND
                                                          :    ORDER
                              - against -                 :
                                                          :    22-cv-3196 (BMC)
   CITY OF NEW YORK, et al.,                              :
                                                          :
                              Defendants.                 :
----------------------------------------------------------X
```

**COGAN**, District Judge.

This is a Section 1983 case against the City of New York, NYPD Sergeants Berlingerio and Reiman, and NYPD Officers Hilton and Bayizian (together, the "City Defendants"), as well as the United States and Special Agent Suden (together, the "USA Defendants"). Plaintiff alleges that Agent Suden negligently struck plaintiff with his van while driving on the job and that the City Defendants subsequently conspired with him to cover up his negligence. The City Defendants have moved to dismiss the claims against them. For the reasons set forth below, their motion is granted.

## BACKGROUND

The relevant facts as alleged in plaintiff's amended complaint are as follows. Plaintiff was struck by a van driven by Agent Suden (an employee of DHS or ICE) when walking near his home. After Agent Suden struck plaintiff, Suden placed plaintiff inside of his van, drove to plaintiff's home, and called 911 to report that plaintiff was hit by a motor vehicle. An ambulance and Officers Hilton and Bayizian arrived at plaintiff's home. Plaintiff was transported to the hospital. Plaintiff alleges that, "upon information and belief," Agent Suden and certain of the individual City Defendants "conspired" to "cover up" Agent Suden's actions and/or liability for the accident.

Officer Hilton prepared a report (endorsed by Sergeant Reiman) stating that plaintiff was attempting to cross the street when he saw a car backing up, stumbled to the ground, and began to experience pain in his right hip. Then, again upon "information and belief," plaintiff's son went to the City Defendants' precinct, where Officer Bayizian stated that plaintiff admitted the accident was his fault. Later, Sergeant Reiman told plaintiff's son that plaintiff was attempting to commit insurance fraud.

On the basis of these allegations, plaintiff brought the following claims against the City Defendants pursuant to Section 1983: (1) discrimination in violation of the equal protection clause of the Fourteenth Amendment (under "selective enforcement" and "class-of-one" theories), (2) denial of access to the courts, (3) conspiracy to violate plaintiff's constitutional rights, and (4) failure to intervene. Plaintiff also brings a variety of state law claims against the City Defendants.[1]

## LEGAL STANDARD

On a Rule 12(b)(6) motion for failure to state a claim, the Court must determine whether the allegations in the complaint meet the standard of plausibility. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 564-66 (2007). In doing so, the Court must accept all non-conclusory factual allegations as true and draw all reasonable inferences in plaintiff's favor, then assess whether those allegations plausibly give rise to an entitlement for relief. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Although the complaint need not provide detailed factual allegations, it must "amplify a claim with some factual allegations . . . to render the claim plausible." Edwards v. City of New York, No. 07-cv-5286, 2009 WL 1910740, at *3 (E.D.N.Y. June 29, 2009) (cleaned up).

---

[1] Plaintiff also brings claims under the FTCA and Bivens against the USA Defendants, which are not at issue here.

2

## DISCUSSION

**I.      Equal Protection (Section 1983)**

Plaintiff brings claims for violation of his rights under the Equal Protection Clause, under both selective enforcement and class-of-one theories. Under both theories, plaintiff must plead facts tending to show that he was treated differently from "comparators," or similarly situated individuals. See Hu v. City of New York, 927 F.3d 81, 94 (2d Cir. 2019) (defining the standard as "similarly situated in all material respects" for selective enforcement claims and "an extremely high degree of similarity" for class-of-one claims). If a plaintiff fails to identify a similarly situated individual or group from whom he was treated differently, he "has offered no basis with which to evaluate his [equal protection] claims," and those claims must fail. Carnell v. Myers, No. 17-cv-7693, 2019 WL 1171489, at *10 (S.D.N.Y. March 13, 2019); see also C-Tech of New Haven Inc. v. Univ. of Conn. Health Ctr., No. 15-cv-1058, 2015 WL 3620713, at *3 (D. Conn. June 29, 2016).

Plaintiff's equal protection claim borders on the frivolous. He does not identify even one similarly situated individual from whom he was treated differently. Keeping in mind that comparators must be (at least) similarly situated in "all material respects," plaintiff would have had to identify other pedestrians who were hit by a car, put in that car by the driver, driven to their house, and then had the police reject the conspiratorial overtures that plaintiff alleges Agent Suden made here.

Plaintiff's vague reference to the millions of pedestrians walking the City as his comparators doesn't do that, as he makes no effort to explain how he is similarly situated to every other pedestrian in "all material respects." Pedestrians walk. Few are hit by cars, and if any are transported home instead of to the hospital by their assailants, itself a rarity if non-

3

existent situation, there is simply no reason to think that the assailants call the police, propose a coverup upon their arrival, and the police reject it, which is what plaintiff is contending regularly happens but did not happen here.

Plaintiff also contends that agent Suden is a comparator. That is an even worse argument. Even plaintiff admits that the only thing they have in common was their involvement in the same car accident, which is a far cry from being similarly situated "in all material respects" (let alone "an extremely high degree of similarity"). Because plaintiff has failed to identify comparators to substantiate either of his equal protection claims, those claims are dismissed.

## II. Denial of Access to the Courts (Section 1983)

Plaintiff's claim for denial of access to the courts under Section 1983 (i.e., an "access claim") is "backward-looking" (as opposed to "forward-looking") because he alleges that the City Defendants' official action prevented his claims against the USA Defendants from being tried with all available material evidence. See Martinez v. City of New York, 564 F. Supp. 3d 88, 100 (E.D.N.Y. Sept. 30, 2021). Backward-looking denial of access claims are "available only if a judicial remedy was completely foreclosed" by the alleged official misconduct. Sousa v. Marquez, 702 F.3d 124, 128 (2d Cir. 2012). In addition, the Second Circuit recently held that a backward-looking access claim has not accrued when the effect (if any) that defendants' alleged misconduct had on the plaintiff's underlying claims cannot yet be determined. Kern v. Contento, No. 21-1672, 2022 WL 1112767, at *3 (2d Cir. April 14, 2022). Kern entailed, as here, a plaintiff involved in a motor vehicle accident[2] who alleged that municipal defendants' failure to investigate that accident caused her to lose the right to fairly adjudicate her claims

---

[2] The actual plaintiff in Kern was the mother and administrator of a decedent's estate. Her son died in the motor vehicle collision at issue there.

against a driver and his employer. The court held that her backward-looking access claim was unripe on the grounds that she was actively litigating the negligence claims underlying her access claim.

Here, plaintiff claims that, as a result of the City Defendants' alleged cover-up of the traffic incident, he lacks proof with which he can convince a court to hold the United States liable for the accident. Defendants argue that Kern should apply, given the factual similarity and the fact that plaintiff here is actively litigating the negligence claim (against the USA Defendants) underlying his access claim. Plaintiff counters that Kern is inapposite because, unlike in that case, he is litigating his claims against the United States in the same action as the access claim against the City Defendants, and the claims are "inextricably intertwined."

Plaintiff's attempt to distinguish Kern is unconvincing. As here, Kern raised her underlying state law claims for pain and suffering and wrongful death (against the driver and his employer) in the same action as her federal denial of access to the courts claim (against local law enforcement), so the "inextricability" of plaintiff's claims here is the same. See Kern v. Hagen, No. 20-cv-831, 2021 WL 2403110, at *1 (N.D.N.Y. Jun 11, 2021).

In any event, I agree with defendants that it is premature to allege that the City Defendants' alleged misconduct has "completely foreclosed" any judicial remedy against the USA Defendants. Sousa, 702 F.3d at 128. As the Second Circuit reasoned in holding that Kern's denial of access to the courts claim was unripe, "[b]ecause [plaintiff] is actively litigating the state law claims underlying her access claim, what effect (if any) the alleged misconduct had on those underlying claims cannot now be determined." Kern, 2022 WL 1112767, at *3. More specifically, plaintiff is actively litigating the negligence claims (against the USA Defendants) underlying his access claim, and those claims will survive this decision. It is thus impossible to

5

say that any judicial remedy for plaintiff's claims against the USA Defendants is completely foreclosed when those claims are still pending. For these reasons, plaintiff's denial of access to the courts claim fails.

## III. Conspiracy and Failure to Intervene (Section 1983)

A Section 1983 conspiracy claim "fails as a matter of law where there is no underlying constitutional violation." Mitchell v. County of Nassau, 786 F. Supp. 2d 545, 564 (E.D.N.Y. March 24, 2011) (internal citations omitted). As stated above, plaintiff has not stated a claim for any constitutional violation against the City Defendants, so plaintiff's Section 1983 conspiracy claim fails.[3]

Similarly, a Section 1983 failure to intervene claim also fails when there is no underlying constitutional violation. See Buari v. City of New York, 530 F. Supp. 3d 356, 392 (S.D.N.Y. March 30, 2021). As explained above, plaintiff has not properly pleaded any constitutional violations against the City Defendants, so his failure to intervene claim necessarily fails.[4]

## IV. State Law Claims

The federal and state law claims against the City Defendants all stem from plaintiff's traffic accident and defendants' conduct immediately thereafter. I therefore find that those claims form part of the same case or controversy, and the Court has supplemental jurisdiction over the state law claims against the City Defendants. See 28 U.S.C. § 1367(a). Accordingly, I

---

[3] Even if plaintiff had effectively pleaded a constitutional violation, his Section 1983 conspiracy allegations fall short of pleading a plausible conspiracy between the City Defendants (either among themselves or with the USA Defendants). To plead a Section 1983 conspiracy, a plaintiff must allege an agreement to act in concert to inflict an unconstitutional injury, and an overt act in furtherance of that goal. Although his complaint alleges the existence of a "conspiracy," these allegations are conclusory at best and provide no detail about an agreement among the City Defendants or between them and the USA Defendants. See Berliner v. Port Auth. of N.Y. and N.J., No. 08-cv-3152, 2008 WL 11434516, at *4 (E.D.N.Y. Nov. 17, 2008).

[4] It is unclear from the complaint and the parties' submissions whether plaintiff alleges any Section 1983 claims against the City of New York. To the extent he has done so, those claims are dismissed, because plaintiff has not alleged any facts tending to show any City policy or custom that caused a deprivation of a constitutional right. See Monell v. Dep't of Social Servs. of N.Y., 436 U.S. 658, 690 (1978).

6

will exercise that supplemental jurisdiction and dismiss each of the state law claims against the City Defendants on the merits. I find that exercising supplemental jurisdiction here supports judicial economy because it will avoid parallel litigation (i.e., it will prevent plaintiff from suing the City Defendants in state court for conduct arising from the same case or controversy as the remaining case in this Court).[5]

First, the civil conspiracy claim against the individual City Defendants is dismissed for the same reasons I dismissed its federal analogue. See supra at Section III; see also Powell v. City of Jamestown, No. 21-cv-721, 2022 WL 1913581, at *22 (W.D.N.Y. June 3, 2022) (dismissing Section 1983 and New York conspiracy claims for the same reasons).

Second, with respect to plaintiff's intentional infliction of emotional distress claim, even when construing the allegations in his amended complaint as true, the City Defendants' conduct does not rise to the "high threshold" of "extreme and outrageous conduct" necessary to plead an IIED claim under New York law, and it is therefore dismissed. See Bender v. City of New York, 78 F.3d 787, 791-92 (2d Cir. 1996).

Third, even if the City Defendants made the purportedly defamatory statements set forth in plaintiff's amended complaint, plaintiff has not pleaded any facts to support an allegation that he suffered damage to his reputation. See Thorsen v. Sons of Norway, 996 F. Supp. 2d 143, 163

---

[5] If the City Defendants were the only defendants in this case, and I dismissed all federal claims against them, I would decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3). See Lynch v. Suffolk County Police Dep't, 348 Fed. Appx. 672, 676 (2d Cir. 2009) (district court abuses discretion when exercising supplemental jurisdiction over a state claim when all federal claims have been dismissed). However, 28 U.S.C. § 1367(c)(3) does not apply here, because I am not dismissing all claims over which the Court has original jurisdiction – there are federal claims remaining against the USA Defendants. See D.B. v. Montana, No. 20-cv-1195, 2022 WL 1155248, at *3 (N.D.N.Y. April 19, 2022) (1367(c)(2) refers to "all claims in the case, not just those asserted against a particular defendant"); Oladokun v. Ryan, No. 06-cv-2330, 2011 WL 4471882, at *11 (S.D.N.Y. Sept. 27, 2011) (finding that the terms of Section 1367(c)(3) were not met because a federal claim against another defendant remained before the court).

(E.D.N.Y. Feb. 6, 2014) ("The gravamen of an action alleging defamation [under New York law] is an injury to reputation."). His claim for defamation is therefore dismissed.

Fourth, as to plaintiff's negligence claim, his conclusory allegation that the individual City Defendants "negligently performed [their] police duties and failed to use that degree of care as a reasonably prudent officer would have under similar circumstances" simply parrots the legal standard for negligence, without any pleaded facts to support it. In any event, "courts in this Circuit routinely dismiss New York common law negligence claims where," as here, "they seek damages for harm to reputation." Berrio v. City of New York, No. 15-cv-9570, 2017 WL 118024, at *6 (S.D.N.Y. Jan. 10, 2017). Plaintiff's negligence claim is dismissed.[6]

Finally, with respect to plaintiff's negligent hiring claim against the City, because plaintiff has not alleged facts tending to show that the individual City Defendants were acting outside the scope of their employment, that claim is dismissed. See Fraser v. City of New York, No. 20-cv-5741, 2022 WL 3045524, at *5 (E.D.N.Y. Aug. 1, 2022).

## CONCLUSION

For the foregoing reasons, the City Defendants' motion to dismiss is GRANTED and City Defendants are dismissed from the action. The case will continue as to plaintiff's claims against the United States and Agent Suden.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
       April 13, 2024

---

[6] It is unclear from plaintiff's complaint and opposition to the City Defendants' motion to dismiss whether any of his state law claims are alleged against the City on a respondeat superior theory (and if ao, which claims). To the extent they are, because I have dismissed the state law claims as to the individual the City Defendants, those claims are also dismissed as to the City.

8